UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BERNICE GRACIA,

                         Plaintiffs,                            **COMPLAINT**
        - against -                                     **WITH JURY DEMAND**

CITY OF NEW YORK, Lt. RANDY FRIEDMAN,
Lt. JAMES MICOZZI, BRIAN ANGENBROICH,
sued in his individual and official capacity,

                         Defendants.
------------------------------------------------------------X

       Plaintiff, by her attorneys AVALLONE & BELLISTRI, LLP, complaining of Defendants, allege:

## NATURE OF ACTION

       1.     This is an action for declaratory relief and damages to secure protection of and to redress deprivation of rights secured by the United States Constitution Title VII, New York State Executive Law §296, the New York City Human Rights Law, the New York City Administrative Code §8-107, and providing for relief against discrimination in employment and to correct unlawful employment practices on the basis of the Plaintiffs' gender, association discrimination, retaliation for having filed complaints of harassment and hostile work environment. This action also seeks relief for violations of the Civil Rights Acts 42 U.S.C. §1983.

       2.     Additionally, this claim seeks money damages, both accrued and prospective, on behalf of the Plaintiff and attorney's fees pursuant to 42 U.S.C. §1988.

## JURISDICTION

       3.     The jurisdiction of this Court is invoked based upon federal questions. Further, the jurisdiction of this Court is invoked pursuant to the New York State Constitution, the Constitution of the United States, 28 U.S.C. §1343(3) and (4) and 28 U.S.C. 1331 as well as 42 U.S.C. §2000e

through 2000e(15) and the New York State Executive Law §296, and the New York City Human Rights Law.

4.    The rights, privileges, and immunities sought herein to be redressed are those secured by the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution and the exercise of free speech and association under the First Amendment of the United States Constitution; provisions against gender discrimination based on 42 U.S.C. §1983, and guidelines and rules promulgated thereunder, along with the applicable provisions of the New York State Constitution and the New York City Human Rights Law.

5.    Jurisdiction is also invoked under the doctrine of pendant jurisdiction with respect to State and City claims set forth herein.

## VENUE

6.    Venue exists in Southern District of New York, County of New York, and State of New York, based upon Defendants' place of business.

7.    Further, the causes of action accrued within New York State (specifically, within the City of New York) based upon the situs of all acts charged and based upon violations of United States Constitution, New York State Constitution and the New York State Executive Law, and the New York City Human Rights Law and Administrative Code.

## SATISFACTION OF PREREQUISITES UNDER TITLE VII

8.    On or about April 28, 2016, Plaintiff, BERNICE GRACIA, in accordance with applicable law, filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which organization receives and investigates charges of

discrimination as set forth by the Federal Anti-Discrimination Laws, including Title VII of the Civil Rights Act, as amended.

9.     Said Verified Complaint charged that Defendants engaged in unlawful employment discrimination practices based upon gender, harassment, hostile work environment and in retaliation for engaging in protected activity.

10.     On June 29, 2016 the EEOC issued "Right to Sue" Letter advising Plaintiff of the completion of her prerequisites to file suit in federal court. Plaintiff, received said Right to Sue Letter on July 1, 2016. A copy of the "Right to Sue" Letter issued to Plaintiff is annexed hereto as **Exhibit "A"**.

## INTRODUCTION

11.     This is an action for equitable relief and money damages on behalf of the Plaintiff BERNICE GRACIA who was being deprived of her constitutional and statutory rights as an employee of City of New York, as a result of Defendants, THE CITY OF NEW YORK, Lt. RANDY FRIEDMAN, Lt. JAMES MICOZZI, BRIAN ANGENBROICH's gender, sexual harassment and association discrimination, and/or retaliation for having filed complaints of harassment and for creating and condoning a hostile work environment.

## THE PARTIES

12.     Plaintiff BERNICE GRACIA was and at all times relevant a female residing in the County of Nassau, New York whose principal place of work at all relevant times was the Fleet Service Division (FSD), Central Repair Shop (CRS) in Queens, New York.

13.    Defendant CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the CITY and State of New York. CITY is authorized by law to maintain a Police Department that acts as its agent and for which it is ultimately responsible.

14.    Defendant Lt. RANDY FRIEDMAN ("FRIEDMAN") was at all relevant times a Lieutenant for the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant FRIEDMAN was at all relevant times Plaintiff's supervisor at the Fleet Service Division (FSD), Central Repair Shop (CRS) in Queens, New York and is sued in his individual and official capacity.

15.    Defendant Lt. JAMES MICOZZI ("MICOZZI") was at all relevant times a Lieutenant for the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant MICOZZI was at all relevant times Plaintiff's supervisor and integrity control officer at the Fleet Service Division (FSD), Central Repair Shop (CRS) in Queens, New York and is sued in his individual and official capacity.

16.    Defendant BRIAN ANGENBROICH ("ANGENBROICH") was at all relevant times An employee for the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant ANGENBROICH was at all relevant times was a mechanic at the Fleet Service Division (FSD), Central Repair Shop (CRS) in Queens, New York and is sued in his individual and official capacity.

## FACTS

17.    Plaintiff is a female Hispanic employed by the New York City Police Department. Her date of appointment was January 9, 2006. She is currently assigned to the Crime Scene Unit in Queens County, New York.

18.    In July of 2013 Plaintiff was transferred to FSD, Central Repair Shop in Queens. Plaintiff has always had exemplary performance evaluations.

19.    Approximately December 2013, Plaintiff's supervisor Defendant FRIEDMAN asked Plaintiff if she was going to watch porn on the police computer. In actually, Plaintiff was using the computer for a Code 10-13 (Officer Needs Assistance) so that she could help an ill child of one of the Officers (P.O. Kirch) in the unit. This was witnesses by Lt. Fey and P.O. Richard Haste.

20.    On or about March 2014 Defendant FRIEDMAN asked Plaintiff if she needed help adjusting her gun belt. Plaintiff was very offended and humiliated but she was afraid to report it. This was witnessed by Det. Jason Sharpe and P.O. Richard Haste.

21.    On or about June 2014 Plaintiff was injured in the line of duty and was placed on restricted duty. Plaintiff had to wear an orthopedic boot for 2 weeks. Plaintiff's immediate supervisor did not believe that she was injured and actually denied her Line of Duty request and would not recommend Plaintiff for a Line of Duty Injury.

22.    Plaintiff eventually did receive a Line of Duty recommendation but she was reassigned from the Vehicle Allocation Control Section (VACS) to the Accident Desk and as such denied the ability to earn overtime. Other Police Officers who also were on restricted duty (P.O. Dina Zeoli) did not get transferred from the VACS and was able to get overtime.

23.    In September 2014 Plaintiff suffered chest pains and high blood pressure while she was assigned at the United Nation detail and was rushed to the E.R. Defendant MICOZZI, the integrity control officer came to the E.R. and said that Plaintiff was "faking" her injuries and "looking for sympathy or a payday". Defendant MICOZZI began to request items from Plaintiff's personnel folder regarding a line of duty injury. This was witnessed by P.O. Richard

Haste while in the operations office with Defendant FRIEDMAN present as well as other police officers.

24.     A few days later Plaintiff failed an EKG test and was told by her doctor to go to the hospital where Plaintiff remained for 6 days.

25.     On or about October 2014 while Plaintiff was out due to injury, several Supervisors and Police Officers of the Vehicle Allocation Control Section were ordered to be interrogated by IAB regarding an issue unrelated to Plaintiff.

25.     While Plaintiff was out injured, some police officers told her that Defendant MICOZZI called her a "Bitch", "this bitch is gonna fuck herself" and how "full of shit" Plaintiff was to other Officers at Fleet Service Division (FSD) including but not limited to P.O. Richard Haste and P.O. Robert Kyle.  Plaintiff was also called a "Rat" by Defendant MICOZZI because he believed that she had called I.A.B. to report some inappropriate activity by some of the supervisors and Officers. Defendant MICOZZI said to many of the Vehicle Allocation Control Section that "we all know who called IAB on that one" and "guess who wrote that one", as well as "how convenient that she's out sick when this comes down".  Many Officers at (FSD) were interrogated by IAB including Plaintiff at various times.  These comments by MICOZZI caused numerous police officers to refer Plaintiff as a "rat".

26.     In March 2015, when Plaintiff commented to Lt. Fusaro about possibly being transferred out of FSD, he told her "who else are they [Defendants] going to blame" around here once you get transferred.

27.     On May 26, 2015 at FSD at approximately 2:26 pm, while Plaintiff was getting ready to leave work after her tour was over, a NYC employee, civilian mechanic Defendant ANGENBROICH approached her from behind and made an unwanted inappropriate and

intentionally sexual contact with Plaintiff by touching Plaintiff's buttocks with a newspaper without her consent.

28.    Another mechanic, Dinesh Ramphal and P.O. Herman Yan witnessed the hitting of her buttocks by Defendant ANGENBROICH.  Plaintiff said to ANGENBROICH "Did you just hit me on my ass with your newspaper?" and he replied "Yeah- I can't use my hand- your gun is there." ANGENBROICH then turned to Mr. Ramphal and said "If I used my hand, she might shoot me." All the while he was laughing.

29.    Plaintiff immediately reported this to my supervisor, Lt. Fusaro who told her to report it to the Office of Equal Employment Opportunity (OEEO) of the NYPD. Plaintiff was subsequently questioned regarding the incident by the Commanding Officer of FSD, Deputy Inspector Scott Olexa, also in the presence of Civilian Director of FSD, Greg Dimesa, Lt. Alex Fusaro and P.O. Tom Chlebeck.

30.    Plaintiff subsequently spoke with a Det. Dejesus at OEEO on June 22, 2015.

31.    As a result, Defendant ANGENBROICH was transferred from Central Repair Shop (CRS) to another shop (Shop 4) within FSD the very next morning.

32.    As a result of Plaintiff's filing her complaints with the Commanding Officer and OEEO, the routine of signing out and then go change out of uniform, which had taking place by every police officer for at least the past 3 ½ years, was revoked.   The inconvenience that this new procedure caused other police officers had a negative effect on how they viewed the Plaintiff causing a blatant hostile work environment.

33.    Many police officers made comments like "someone grabs her ass and we have to suffer" as well as sexual and childish comments regarding the incident.  This was witnessed by P.O. Richard Haste.  Once Lt. Fusaro heard the inappropriate sexual comments about the Plaintiff, he immediately told the individuals to cease any conversations about the incident

between Plaintiff and Defendant ANGENBROICH and to not engage in any further conversations about the Plaintiff while explaining to the officers that this was a serious matter and needs to be treated with respect and confidentiality. This was witnessed by P.O. Richard Haste.

34.     It should be noted that a few days before this incident with Defendant ANGENBROICH, 2 other civilian mechanics assigned to FSD had a physical fight and were suspended immediately. Yet Defendant ANGENBROICH was allowed to continue to work for the City of New York despite him touching Plaintiff's buttocks!

35.     On June 8, 2015 Plaintiff was temporarily transferred to PSA 2 as per the needs of the department for operation "All Out" for the duration of the summer and on June 10, 2015, Defendant ANGENBROICH was transferred back to the Central Repair Shop (CRS) building by the Defendant City where Plaintiff was stationed.

36.     In September 2015 Plaintiff returned from PSA 2 but saw that the NYPD allowed Defendant ANGENBROICH to continue to remain at CRS at FSD despite there being numerous other locations he could have been re-assigned to within the 5 boroughs of the City of New York.

37.     Upon returning to FSD from Operation "All Out", Lt. Fusaro notified Plaintiff of her assignment change also. He stated that Plaintiff was no longer wanted in the Accident Desk/Office and Plaintiff would be assigned to the Security Unit effective immediately. Plaintiff questioned him as to a reason of the assignment change and he said "I don't know. They just don't want you there anymore. You'll have to speak to the Commanding Officer; I'm just doing what I'm told to do."

38.     As a result, Plaintiff was forced to ask to be transferred to the midnight tour at FSD- Building Security, which she did not want to do but had no other alternative so that she

wouldn't have to encounter Defendant ANGENBROICH.  As a result, Plaintiff also had to give up any opportunities to get overtime.

39.    While working at midnight tour at FSD, one of Plaintiff's supervisors, Lt. Margolis would call her "gorgeous".  Plaintiff would just respond by saying "Good Morning Boss" or "Good Morning".  This would continue for some time up until about a month and a half before Plaintiff transferred out of FSD to the Crime Scene Unit in October.

40.    On or about August/September 2015 Defendant MICCOZI called Plaintiff a "cunt" to Lt. Margolis.  Upon information and belief, Lt. Margolis confirmed this to IAB at his interrogation.

41.    In September 2015 while working at the U.N. detail, Lt. Fusaro informed Plaintiff that another Police Officer, Robert Kyle, who was also assigned to the same detail as Plaintiff (U.N.) began to talk about Plaintiff and calling her a "rat".  Lt. Fusaro made an IAB complaint notification against P.O. Kyle regarding the name calling and regarding talking about an ongoing IAB investigation.

42.    On October 26, 2015 Plaintiff was finally transferred to the Crime Scene Unit in Queens as a result of applying and interviewing for the position of an investigator so she can get away from the hostile environment at FSD.


## AS AND FOR A FIRST CAUSE OF ACTION
## FOR GENDER DISCRIMINATION AGAINST CITY OF NEW YORK
## IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

43.    Plaintiff repeats and re-alleges paragraphs 1 through 42 and incorporates them by reference as if fully stated herein.

44.     Plaintiff alleges that Defendant through its agents engaged in a pattern and practice of discrimination against her with respect to the terms, conditions and privileges of employment because of the Plaintiff's gender in violation of 42 U.S.C. § 2000e-2.

45.     As part of its pattern and practice of employment discrimination, Defendant through its agents treated Plaintiff in a manner indicative of gender discrimination.

46.     Defendant knew or should have known about the gender discrimination in the workplace.

47.     Defendant failed and refused to take appropriate action to end the discriminatory treatment and conditions which Plaintiff was subjected to, which was clearly motivated by gender in a clear demonstration of bad faith.

48.     That as a result of the discriminatory acts of Defendant through its agents, Plaintiff suffered emotional distress.

49.     As a result of the acts of Defendants under color of law, Plaintiff suffered emotional distress, humiliation and embarrassment, economic, legal and related expenses.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR SEXUAL HARASSMENT AGAINST CITY OF NEW YORK
## IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

50.     Plaintiff repeats and re-alleges paragraphs 1 through 49 and incorporates them by reference as if more fully stated herein.

51.     Plaintiff alleges that Defendant through its agents engaged in a pattern and practice of sexual harassment against her with respect to the terms, conditions and privileges of employment because of the Plaintiff's gender in violation of 42 U.S.C. § 2000e-2.

52.     As part of its pattern and practice of employment discrimination, Defendant through its agents subjected Plaintiff to sexual harassment and failed to take corrective action.

53.     Defendant knew or should have known about the sexual harassment in the workplace.

54.     Defendant failed and refused to take appropriate action to end the sexual harassment to which Plaintiff was subjected to, which was clearly motivated by gender in a clear demonstration of bad faith.

55.     That as a result of the discriminatory acts of Defendants through its agents, Plaintiff suffered emotional distress.

56.     As a result of the acts of Defendants under color of law, Plaintiff suffered emotional distress, humiliation and embarrassment, economic, legal and related expenses.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR RETALIATION AGAINST CITY OF NEW YORK
## IN VIOLATION OF TITLE VII
## OF THE CIVIL RIGHTS ACT OF 1964

57.     Plaintiff repeats and re-alleges paragraphs 1 through 56 and incorporates them by reference as if fully stated herein.

58.     Plaintiff alleges that Defendant through its agents engaged in retaliation against Plaintiff as a result of her complaining about the discriminatory treatment in violation of 42 U.S.C. §2000e-3(a)

59.     That as a result of the discriminatory acts of Defendant through its agents, Plaintiff suffered emotional distress.

60.     As a result of the acts of Defendants under color of law, Plaintiff suffered emotional distress, humiliation and embarrassment, economic, legal and related expenses.

## AS AND FOR A FORTH CAUSE OF ACTION
## FOR HOSTILE WORK ENVIRONMENT AGAINST
## CITY OF NEW YORKAGAINST CITY OF NEW YORK IN
## <u>VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964</u>

61.    Plaintiff repeats and re-alleges paragraphs 1 through 60 and incorporates them by reference as if fully stated herein.

62.    Plaintiff alleges that Defendant through its agents created and condoned a hostile work environment against Plaintiff in violation of 42 U.S.C. §2000e-3(a) et al.

63.    That as a result of the discriminatory acts of Defendants through its agents, Plaintiff suffered emotional distress.

64.    As a result of the acts of Defendants under color of law, Plaintiff suffered emotional distress, humiliation and embarrassment, economic, legal and related expenses.


## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR GENDER DISCRIMINATION
## <u>IN VIOLATION OF 42 U.S.C. §1983</u>

65.    Plaintiff repeats and re-alleges paragraphs 1 through 64 and incorporates them by reference as if fully stated herein.

66.    Plaintiff alleges that Defendants through its agents engaged in a pattern and practice of discrimination against her with respect to the terms, conditions and privileges of employment because of the Plaintiff's gender in violation of 42 U.S.C. 1983.

67.    All of the acts and conduct of Defendants, by and though its agents, herein stated were done under color of state law, while in the performance of their duties as employees and supervisors for the NYPD.

68.    As part of its pattern and practice of employment discrimination, Defendant through its agents treated Plaintiff in a manner indicative of gender discrimination, with respect to its failure to take corrective action.

69.     The facts and circumstances cited above are in violation of Plaintiff's Fourteenth Amendment right under the Equal Protection Clause of the United States Constitution to be free from retaliation, discrimination and harassment in her employment with the CITY and the NYPD.

70.     Defendant knew or should have known about the gender discrimination, Retaliation and harassment in the workplace by failing to properly investigate and address the allegations made by the Plaintiff and retaliation and harassment by these Defendants against Plaintiff for lawfully speaking out against Defendants regarding their unlawful conduct.

70.     Defendant failed and refused to take appropriate action to end the discriminatory treatment and conditions which Plaintiff was subjected to, which was clearly motivated by gender and her exercising her right to complain in a clear demonstration of bad faith.

71.     That as a result of the discriminatory acts of Defendants through its agents, Plaintiff suffered emotional distress.

72.     As a result of the acts of Defendants under color of law, Plaintiff suffered emotional distress, humiliation and embarrassment, economic and legal and related expenses.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FOR SEXUAL HARASSMENT
## IN VIOLATION OF 42 U.S.C. §1983

73.     Plaintiff repeats and re-alleges paragraphs 1 through 72 and incorporates them by reference as if fully stated herein.

74.     All of the acts and conduct of Defendants, by and though its agents, herein stated were done under color of state law, while in the performance of their duties as employees and supervisors for the NYPD.

74.     Plaintiff alleges that all individual Defendants through its agents engaged in a pattern and practice of sexual harassment and condoning such conduct because of the Plaintiff's gender in violation of 42 U.S.C. 1983.

75.     As part of its pattern and practice of employment discrimination, all individual Defendants through its agents treated Plaintiff in a manner indicative of sexual harassment, with respect to its failure to take corrective action.

76.     All individual Defendants knew or should have known about the sexual harassment in the workplace.

77.     All individual Defendants failed and refused to take appropriate action to end the sexual harassment to which Plaintiff was subjected, which was clearly motivated by gender in a clear demonstration of bad faith.

78.     That as a result of the discriminatory acts of all individual Defendants through its agents, Plaintiff suffered emotional distress.

79.     As a result of the acts of all individual Defendants under color of law, Plaintiff suffered emotional distress, humiliation and embarrassment, economic, legal and related expenses.

**AS AND FOR A SEVENTH CAUSE OF ACTION
FOR RETALIATION
IN VIOLATION OF 42 U.S.C. §1983**

80.     Plaintiff repeats and re-alleges paragraphs 1 through 79 and incorporates them by reference as if fully stated herein.

81.     Plaintiff alleges that Defendants through its agents engaged in retaliation against Plaintiff as a result of her complaining about the discriminatory treatment in violation of 42 U.S.C. 1983.

82.    All of the acts and conduct of Defendants, by and though its agents, herein stated were done under color of state law, while in the performance of their duties as employees and supervisors for the NYPD.

83.    That as a result of the discriminatory acts of Defendants through its agents, Plaintiff suffered emotional distress.

84.    As a result of the acts of Defendants under color of law, Plaintiff suffered emotional distress, humiliation and embarrassment, economic, legal and related expenses.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## FOR HOSTILE WORK ENIRONMENT
## IN VIOLATION OF 42 U.S.C. §1983

85.    Plaintiff repeats and re-alleges paragraphs 1 through 84 and incorporates them by reference as if fully stated herein.

86.    Plaintiff alleges that Defendants through its agents created and condoned a hostile work environment against Plaintiff in violation of 42 U.S.C. 1983.

87.    All of the acts and conduct of Defendants, by and though its agents, herein stated were done under color of state law, while in the performance of their duties as employees and supervisors for the NYPD.

88.    That as a result of the discriminatory acts of Defendants through its agents, Plaintiff suffered emotional distress.

89.    As a result of the acts of Defendants under color of law, Plaintiff suffered emotional distress, humiliation and embarrassment, economic, legal and related expenses.

## AS AND FOR A NINTH CAUSE OF ACTION
## FOR GENDER DISCRIMINATION IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW §290 et seq.

90.    Plaintiff repeats and re-alleges paragraphs 1 through 89 and incorporates them by reference as if fully stated herein.

91.    New York State Executive Law § 290 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of gender.

92.    Based upon the foregoing, Defendants' discriminated against the Plaintiff based upon her gender.

93.    As a direct and proximate result of the unlawful employment practices of Defendants, Plaintiff has suffered the indignity of gender discrimination and great humiliation, loss of career opportunity, income and related benefits, and emotional distress.


## AS AND FOR A TENTH CAUSE OF ACTION
## FOR SEXUAL HARASSMENT IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW §290 et seq.

94.    Plaintiff repeats and re-alleges paragraphs 1 through 93 and incorporates them by reference as if fully stated herein.

95.    New York State Executive Law § 290 et seq., makes it unlawful to sexually harass any individual in the terms, conditions, or privileges of employment.

96.    Based upon the foregoing, Defendants' tolerated and condoned the sexually harassment of Plaintiff by Defendant ANGENBROICH.

97.    As a direct and proximate result of the unlawful employment practices of Defendants, Plaintiff has suffered the indignity of sexual harassment and great humiliation, loss of career opportunity, income and related benefits, emotional distress.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
## FOR RETALIATION IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW §290 et seq.

98.    Plaintiff repeats and re-alleges paragraphs 1 through 97 and incorporates them by reference as if fully stated herein.

99.    New York State Executive Law § 290 et seq., makes it unlawful to retaliate against any individual in the terms, conditions, or privileges of employment for engaging in protected activity, i.e. for complaining about discrimination.

100.    Based upon the foregoing, Defendants' unlawfully retaliated against Plaintiff for complaining about the unlawful employment practices to which she has been subjected.

101.    As a direct and proximate result of the unlawful employment practices of Defendants' Plaintiff has suffered the indignity of retaliation and great humiliation loss of career opportunity, income and related benefits, emotional distress.

## AS AND FOR A TWELFTH CAUSE OF ACTION
## FOR HOSTILE WORK ENIRONMENT IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW §290 et seq.

102.    Plaintiff repeats and re-alleges paragraphs 1 through 101 and incorporates them by reference as if fully stated herein.

103.    New York State Executive Law § 290 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the

basis of gender.  The law also makes it unlawful to create a severe and hostile environment where retaliation is encouraged, tolerated and condoned.

104.     As a direct and proximate result of the unlawful employment practices of Defendants, Plaintiff has suffered the indignity of a hostile work environment and great humiliation loss of career opportunity, income and related benefits, emotional distress.

105.     As a further and proximate result of these unlawful employment practices, Plaintiff has suffered emotional distress, mental anguish, severe disruption of her personal life and her professional life, and loss of enjoyment in the ordinary pleasures of life.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
## FOR GENDER DISCRIMINATION IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE §8-101 et seq.

106.     Plaintiff repeats and re-alleges paragraphs 1 through 105 and incorporates them by reference as if fully stated herein.

107.     The New York City Administrative Code §8-101 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of gender.

108.     Based upon the foregoing, Defendants' discriminated against the Plaintiff based upon her gender.

109.     As a direct and proximate result of the unlawful employment practices of Defendants, Plaintiff has suffered the indignity of gender discrimination and great humiliation, loss of career opportunity, income and related benefits, emotional distress.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
## FOR SEXUAL HARASSMENT IN VIOLATION OF
## <u>NEW YORK CITY ADMINISTRATIVE CODE §8-101 et seq.</u>

110.    Plaintiff repeats and re-alleges paragraphs 1 through 109 and incorporates them by reference as if fully stated herein.

111.     New York City Administrative Code §8-10 et seq., makes it unlawful to sexually harass any individual in the terms, conditions, or privileges of employment.

112.    Based upon the foregoing, Defendants' sexually harassed Plaintiff.

113.    As a direct and proximate result of the unlawful employment practices of Defendants, Plaintiff has suffered the indignity of sexual harassment and great humiliation, loss of career opportunity, income and related benefits, emotional distress.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
## FOR RETALIATION IN VIOLATION OF
## <u>NEW YORK CITY ADMINISTRATIVE CODE §8-101 et seq.</u>

114.    Plaintiff repeats and re-alleges paragraphs 1 through 113 and incorporates them by reference as if fully stated herein.

115.    New York City Administrative Code §8-10 et seq., makes it unlawful to retaliate against any individual based upon complaints concerning the terms, conditions, or privileges of employment on the basis of sexual orientation, gender and race.

116.    Based upon the foregoing, Defendants' retaliated against the Plaintiff based upon her engagement in protected activity, in that Plaintiff complained about the discriminatory treatment.

117.    As a direct and proximate result of the unlawful employment practices of Defendants, Plaintiff has suffered the indignity of sexual harassment, gender discrimination, hostile

work environment and great humiliation, loss of career opportunity, income and related benefits, emotional distress.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
## FOR HOSTILE WORK ENIRONMENT IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE §8-101 et seq.

118.    Plaintiff repeats and re-alleges paragraphs 1 through 117 and incorporates them by reference as if fully stated herein.

119.    New York City Administrative Code §8-10 et seq., makes it unlawful to create and/or condone a hostile working environment.

120.    Based upon the foregoing, Defendants' created, tolerated and condoned a hostile working environment.

121.    As a direct and proximate result of the unlawful employment practices of Defendants, Plaintiff has suffered the indignity of a hostile working environment and great humiliation, loss of career opportunity, income and related benefits, emotional distress.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION PURSUANT
## TO 42 U.S.C. § 1983 FOR EQUAL PROTECTION
## VIOLATIONS AGAINST ALL DEFENDANTS

122.    Plaintiff repeats and re-alleges paragraphs 1 through 121 and incorporates them by reference as if fully stated herein.

123.    All of the acts and conduct of the Defendants herein stated were done under color of State law and custom and practice while performing their duties as Supervisors for the New York City Police Department.

124.    The facts and circumstances cited above are in violations of Plaintiff's First Amendment right under the Equal Protection Clause to be free from gender, retaliation, harassment and a hostile work environment in her employment with NYPD.

125.    By these actions, Defendants have jointly and separately deprived the Plaintiff of her rights under the First Amendment to the United States Constitution in violation of 42 U.S.C. §1983 and New York State Executive Law §296.

126.    Plaintiffs allege that Defendants' violations caused Plaintiffs to sustain emotional and economic damages.

## JURY TRIAL

127.    Plaintiffs demand a trial by jury of all issues in this action that are so triable.


## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demand compensatory and punitive damages from these Defendants CITY, FRIEDMAN, MICOZZI and ANGENBROICH jointly and severally, in an amount to be determined at trial, plus any available statutory remedies, both legal and equitable, and interests and costs.


Dated: September 20, 2016
           Lake Success, New York


                                        Yours, etc.,

                                        AVALLONE & BELLISTRI, LLP
                                        Attorneys for Plaintiff


                                        BY: _Rocco G. Avallone_
                                        Rocco G. Avallone
                                        3000 Marcus Avenue, Suite 3E7
                                        Lake Success, New York 11042
                                        516-986-2500

# EXHIBIT "A"

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Bernice Gracia<br>71 Beatice Avenue<br>West Islip, NY 11795 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2016-02439 | Debra L. Richards,<br>Investigator | (212) 336-3768 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X] The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Kevin J. Berry,
District Director

JUN 29 2016

(Date Mailed)

Enclosures(s)

cc:
Stephanie Zimberg
Director, Legal Bureau
NEW YORK CITY POLICE DEPARTMENT
1 Police Plaza, Room 1406
New York, NY 10038

Rocco G. Avallone, Esq.
AVALLONE & BELLISTRI
3000 Marcus Avenue, Suite 3E07
New Hyde Park, NY 11042