USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/26/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
BERNICE GRACIA,

                               Plaintiff,

                               16-CV-7329 (VEC)

            -against-

                               MEMORANDUM
                               OPINION & ORDER

CITY OF NEW YORK, RANDY FRIEDMAN,
JAMES MICOZZI, and BRIAN ANGENBROICH,

                               Defendants.
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

       Plaintiff Bernice Gracia, a Police Officer employed by the New York City Police Department ("NYPD"), brings this action pursuant to Title VII, 42 U.S.C. § 1983, and the New York State and New York City Human Rights Law, alleging that she was retaliated against and subjected to discrimination, sexual harassment, and a hostile work environment on the basis of her gender from December 2013 to October 2015. Defendants City of New York and Randy Friedman ("City Defendants") move (1) for leave to amend their answer pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to assert waiver and release as an affirmative defense, and (2) for judgment on the pleadings pursuant to Rule 12(c) on the ground that Plaintiff's claims are barred by a general release signed by Plaintiff on June 20, 2016, in a separate lawsuit. For the following reasons, City Defendants' motions for leave to amend and for judgment on the pleadings are granted.

## BACKGROUND

       In January 2015, Plaintiff brought a slip and fall lawsuit against the City of New York in Queens County Supreme Court. Decl. of Assistant Corp. Counsel Evan M. Piercey ("Piercey

Decl.") Ex. A (Summons and Complaint in *Bernice Gracia v. The City of New York*, Index No. 700776/2015) (Dkt. 33-1).[1] On June 20, 2016, Plaintiff settled that lawsuit for $10,000 and executed a general release.[2] Piercey Decl. Ex. B (Dkt. 32-2). The general release provides that Plaintiff agreed to:

> [R]elease and forever discharge the City of New York, and all past and present officers, directors, managers, administrators, employees, agents, assignees, lessees, and representatives of the City of New York, and all other individually named defendants and entities represented and/or indemnified by the City of New York, collectively the "RELEASEES", from any and all claims, causes of action, suits, debts, sums of money, accounts, controversies, transactions, occurrences, agreements, promises, damages, judgments, executions, and demands whatsoever, known or unknown, which [Plaintiff] had, now has or hereafter can, shall, or may have, either directly or through subrogees or other third persons, against the RELEASEES for, upon or by reason of any matter, cause or thing whatsoever that occurred through the date of this RELEASE . . . .

*Id.* The general release permitted Plaintiff to carve out specific claims if she identified them, but she did not do so. Specifically, the general release provides in its second paragraph that it "specifically excludes . . . the following State and Civil Court actions and claims . . . ; Federal Court cases . . . ; and/or pre-litigation claims . . . against the RELEASEES." *Id.* This provision is followed by three blank lines on which Plaintiff could designate the claims to be excluded by the general release; Plaintiff wrote "n/a" on these lines. *Id.*

Prior to signing the general release, on April 28, 2016, Plaintiff had filed a charge of discrimination with the United States Equal Employment Commission ("EEOC"), alleging

---

[1] On a rule 12(c) motion for judgment on the pleadings, the Court may take judicial notice of court filings, not for the truth of the matters asserted in the other litigation but to establish the fact of such litigation and related filings. *Ackoff-Ortega v. Windswept Pac. Entm't Co.*, 130 F. Supp. 2d 440, 444 (S.D.N.Y. 2000), *aff'd*, 46 F. App'x 663 (2d Cir. 2002).

[2] The general release does not appear to have been filed with the Queens County Supreme Court as part of Plaintiff's tort case, and thus the Court cannot take judicial notice of it. Nevertheless, because the Court grants the City Defendants' motion for leave to amend their answer to include the defense of "waiver and release," the Court may consider the general release as incorporated by reference in the City Defendants' answer in deciding the City Defendants' motion for judgment on the pleadings. *Baez v. New York City Dep't of Transp.*, No. 14-CV-02520 (LGS), 2015 WL 3763878, at *2 (S.D.N.Y. June 15, 2015) (citing *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011)), *appeal dismissed* (Sept. 30, 2015).

harassment, a hostile work environment, and retaliation based on gender. Compl. ¶¶ 8-9 (Dkt. 1). On June 29, 2016, the EEOC issued a right to sue letter, *id.* ¶ 10, and on September 20, 2016, Plaintiff initiated this lawsuit, Dkt. 1. Because counsel for the City Defendants discovered the general release executed by Plaintiff after filing City Defendants' answer, City Defendants move (1) to amend their answer to assert the affirmative defense of "waiver and release" and (2) for judgment on the pleadings because Plaintiff's gender discrimination claims, which accrued before June 20, 2016, are barred by the general release.

## DISCUSSION

**I.      City Defendants' Motion for Leave to Amend Is Granted**

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave" to a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). Leave to amend should be freely given if the proposed amendment raises at least colorable grounds for relief. *S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979).

Here, the proposed amendment—to add "waiver and release" as an affirmative defense in light of the general release previously executed by Plaintiff—is a colorable and legally cognizable defense. City Defendants did not unduly delay their request for leave to amend because they filed the motion before discovery began. Plaintiff is not unduly prejudiced because City Defendants sought leave to amend early in the litigation and because Plaintiff clearly had notice of the general release given that she signed it. Moreover, Plaintiff does not oppose City

3

Defendants' motion for leave to amend. Accordingly, City Defendants' motion for leave to amend their answer is granted.

## II.  City Defendants' Motion for Judgment on the Pleadings Is Granted

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). To survive a 12(c) motion, the plaintiff must plead sufficient facts "to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the complaint must contain factual allegations amounting to "more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As explained *supra* at note 2, in adjudicating a Rule 12(c) motion, the court may consider the complaint, the answer, any written documents attached to them or incorporated by reference, and any matter of which the court can take judicial notice. *Baez*, 2015 WL 3763878, at *2 (citing *L-7 Designs, Inc.*, 647 F.3d at 422).

City Defendants argue that they are entitled to judgment on the pleadings because Plaintiff waived her claims against them when she signed the general release to settle the earlier tort action. Plaintiff responds that the general release is ambiguous and that the parties did not intend to include Plaintiff's discrimination claims in the general release. The Court agrees with City Defendants.

The general release is not ambiguous. It clearly applies to *all* claims Plaintiff had against the City and its agents as of the time she executed the general release, even if those claims are unrelated to the slip and fall and even if she was not aware of such claims or had not yet pursued them. Moreover, contrary to Plaintiff's contention, the second paragraph of the general release, which allows Plaintiff to carve out specific claims from the general release, is not ambiguous as to whether it applies to future actions not yet filed. The second paragraph explicitly identifies

4

"pre-litigation claims" and asks the Plaintiff to identify them by the "dates of incident." Piercey Decl. Ex. B. A number of courts have found identical or nearly identical general releases to be unambiguous. *See, e.g.*, *Charlery v. Dep't of Educ. of City of New York*, No. 15-CV-7994 (JPO), 2017 WL 2124447, at *1, 3 (S.D.N.Y. May 15, 2017); *Hackshaw v. Urquiaga*, No. 15-CIV-4005 (ER), 2016 WL 6534253, at *1, 3 (S.D.N.Y. Nov. 2, 2016); *Staples v. Officer Acolatza*, No. 14-CV-3922 (WHP), 2016 WL 4533560, at *2-3 (S.D.N.Y. Mar. 9, 2016). Because Plaintiff's discrimination claims arise exclusively from conduct that occurred from 2013 through 2015, *see* Compl. ¶¶ 18-42, which was before Plaintiff signed the general release, and because those claims were not specifically excluded from the general release, Plaintiff's discrimination claims are covered by the terms of the general release.

An employee may waive Title VII discrimination and retaliation claims provided that the employee waives her claims "knowingly and voluntarily." *Laniok v. Advisory Comm. of Brainerd Mfg. Co. Pension Plan*, 935 F.2d 1360, 1365 (2d Cir. 1991). This principle likewise applies to other types of federal and state law discrimination claims. *Miller v. New York City Dep't of Educ.*, 71 F. Supp. 3d 376, 381 (S.D.N.Y. 2014) (applying "knowingly and voluntarily" standard to 42 U.S.C. § 1983 claim); *Hsueh v. The Bank of New York*, No. 05-CV-5345 (JSR), 2006 WL 2778858, at *3 (S.D.N.Y. Sept. 26, 2006) (collecting cases applying "knowingly and voluntarily" standard to Title VII and New York law claims). Whether an employee has knowingly and voluntarily waived her discrimination claims depends on the "totality of the circumstances," including:

> (1) the plaintiff's education and business experience, (2) the amount of time the plaintiff had possession of or access to the agreement before signing it, (3) the role of plaintiff in deciding the terms of the agreement, (4) the clarity of the agreement, (5) whether the plaintiff was represented by or consulted with an attorney, and (6) whether the consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law.

*Bormann v. AT & T Commc'ns, Inc.*, 875 F.2d 399, 403 (2d Cir. 1989) (citation omitted). "These factors are not exhaustive, nor must all of the factors be satisfied before a release is enforceable." *Nicholas v. Nynex, Inc.*, 929 F. Supp. 727, 730 (S.D.N.Y. 1996) (citing *Bormann*, 875 F.2d at 403 & n.1) (other citation omitted).

Based on these factors and the totality of the circumstances, Plaintiff executed the general release knowingly and voluntarily. The parties have not presented information regarding the Plaintiff's education level, but the Court notes that as an NYPD officer, Plaintiff must have completed high school and must have some college education (unless she served in the military). *See* Hiring Process, *NYPD*, http://www1.nyc.gov/site/nypd/careers/ police-officers/po-hiring.page (last visited September 25, 2017).[3] Plaintiff was represented by counsel in the tort action, *see* Declaration of Rocco Avallone Attorney for Plaintiff ("Avallone Decl.") Ex. F (Declaration of Bernice Gracia) ¶ 3 (Dkt. 38), and she received $10,000 in settlement. As explained above, the general release is exceedingly clear, despite Plaintiff's contention that she was told and understood that she was only agreeing to waive additional claims relating to her personal injury. *Id.* ¶¶ 4-6. The general release is a form agreement, and Plaintiff may have signed it on the day it was given to her. Nevertheless, "these facts are overwhelmed by her representation by counsel, which she does not claim was inadequate." *Charley*, 2017 WL 2124447, at *3.[4] Moreover, at the time Plaintiff executed the general release, she was already represented by counsel for her discrimination suit and was awaiting the outcome of her EEOC claim. Avallone Decl. Ex. F ¶¶ 3, 7. In light of these facts, Plaintiff should have understood the

---

[3] A court may take judicial notice of information on an official government website. *Perez v. Ahlstrom Corp.*, No. 10-CV-1299 (VLB), 2011 WL 2533801, at *2 (D. Conn. June 27, 2011).

[4] S*ee also Miller*, 71 F. Supp. 3d at 382 ("[C]ourts often have held that even a few hours is ample time within which to review a release."); *Hsueh*, 2006 WL 2778858, at *5 (the non-negotiable nature of the release did not make it unenforceable).

scope of the general release and its impact on this lawsuit.[5] *Charley*, 2017 WL 2124447, at *3. That it may not have "dawned on" Plaintiff that the settlement of her personal injury action could affect her discrimination suit, Avallone Decl. Ex. F ¶ 6, is not a basis to void the general release in light of the factors just discussed.[6]

## CONCLUSION

For the foregoing reasons, City Defendants' motions for leave to amend their answer and for judgment on the pleadings are GRANTED, and Plaintiff's claims against the City Defendants are DISMISSED with prejudice. No later than **October 6, 2017**, Plaintiff must show cause why her claims against Defendants Micozzi and Angenbroich, who did not join the City Defendants' motion, should not be dismissed in light of the Court's ruling in this opinion. The pretrial conference previously scheduled for September 29, 2017, at 10:00 a.m. is adjourned *sine die* pending Plaintiff's response to the order to show cause. The Clerk of Court is directed to terminate the open motion at docket entry 31.

**SO ORDERED.**

Date: September 26, 2017
New York, New York

VALERIE CAPRONI
United States District Judge

---

[5] Plaintiff argues that the City of New York had notice at the time the general release was executed that Plaintiff's discrimination claim was pending before the EEOC, and, therefore, the City should have explicitly raised the issue with Plaintiff at the time of the settlement. The test, however, to determine whether Plaintiff is bound by the release is whether she knowingly and voluntarily entered into the agreement, not whether the City advised her of the legal rights affected by the agreement. Because the terms of the general release are clear and because Plaintiff was represented by counsel, Plaintiff cannot argue that she was somehow deceived because her adversary in the tort lawsuit failed to advise her of the impact the general release would have on her discrimination claim.

[6] The Court is sympathetic to Plaintiff as it appears that her personal injury lawyer may not have adequately explained to her the significance of the general release. In addition, Plaintiff did not tell her personal injury lawyer about her discrimination suit and did not tell her discrimination lawyer about her personal injury suit. Avallone Decl. Ex. F ¶ 9. Although her personal injury lawyer's advice may have been wanting, and her failure to appropriately communicate her legal situation to all relevant attorneys is unfortunate, those facts do not alter the binding nature of the general release.

7